■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN THOMPSON, Appellant. [714 NYS2d 264] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered October 28, 1998, convicting defendant, after a jury trial, of burglary in the third degree, possession of burglar's tools and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, 1 year and 1 year, respectively, unanimously affirmed.

The court properly instructed the jury, in regard to the statutory definition of "building" (Penal Law § 140.00 [2]), that no use-based qualification applies to the question of what constitutes an "inclosed motor truck". While the statutory phrase "used by persons for carrying on business therein" applies to the term "vehicle", it does not apply to the term "inclosed motor truck" set forth, in the disjunctive, later in the same subdivision (*see*, McKinney's Cons Laws of NY, Book 1, Statutes §§ 231, 235, 253). The court properly exercised its discretion in denying defendant's mistrial motion, made on the ground that the court's instruction did not comport with discussions during the pre-charge conference upon which defense counsel had relied in making her summation. In any event, defendant was not prejudiced, since there was overwhelming proof that the burglary victim's van actually was used for business purposes, both in general and at the time of the burglary. Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.